UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
EVE WEXLER, on behalf of herself
and all others similarly situated,

                                                                Case No.: 1:15-cv-00686-ARR-VVP

                Plaintiff,

                                   **AMENDED COMPLAINT- CLASS ACTION**

   v.

AT&T CORP.

               Defendant.
-----------------------------------------------------X

Plaintiff, Eve Oster Wexler, brings this Class Action Complaint against AT&T Corp. ("AT&T") for its practice of using an automatic telephone dialing system ("autodialer" or "ATDS") to call cell phones with an artificial and/or prerecorded voice, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including based on investigation conducted by and through her attorneys:

## NATURE OF THE CASE

1. The TCPA became law on December 20, 1991, enacted in an effort to protect consumer privacy interests with respect to telecommunications. Among other things, Congress specifically recognized that the use of automated technology in calls to consumers was more intrusive and raised greater privacy concerns than calls using live representatives:

It is clear that automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater invasion of privacy than calls placed by "live" persons.

These automated calls cannot interact with the customer except in preprogrammed ways, do not allow the caller to feel the frustration of the called party, fill an answering machine tape or a voice recording service, and do not disconnect the line even after the customer hangs up the telephone. For all these reasons, it is legitimate and consistent with the Constitution to impose greater restriction on automated calls than on calls placed by "live" persons.

S. Rep. No. 102-178 (Oct. 8, 1991); *see also* Pub. L. No. 102-243, § 2(12) (1991), *codified at* 47 U.S.C. § 227 ("Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.").

2. Accordingly, the TCPA prohibits autodialed or artificial/prerecorded voice calls except in very limited circumstances. Specifically, and as is relevant here, the TCPA generally prohibits making any call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

3. Plaintiff, having by now received numerous, annoying autodialed and artificial and/or prerecorded voice calls from Defendant files this Class Action Complaint against Defendant AT&T, seeking relief from its illegal calling practices on behalf of herself and all others similarly situated.

## PARTIES

4. Plaintiff Eve Wexler is a medical doctor and resident of Atlanta, Georgia.

5. Defendant AT&T Corp. is a corporation incorporated under the laws of New York and headquartered at 208 South Akard Street, Dallas, TX 75202.

## JURISDICTION AND VENUE

6. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 747 (2012).

7. The Court has personal jurisdiction over Defendant because AT&T regularly conducts business in this District.

8. Venue is proper in this District, in that Defendant conducts extensive, continuous and systematic business in this District. Defendant thus has contacts with this District sufficient to subject it to personal jurisdiction as if this District were a separate state, rendering Defendant a resident of this District within the meaning of 28 U.S.C. § 1391(d).

## FACTS

9. Defendant's regular business practices include contacting alleged customers by telephone in connection with supposed accounts that they have with Defendant. Many of these calls are, in fact, made to numbers assigned to cellular telephones.

10. Within the four years prior to the filing of this action, Defendant caused dialing equipment to be used to dial and text the cellular telephone numbers of alleged customers, including Plaintiff. Such equipment had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. The dialing equipment used by AT&T had the capacity to dial numbers without human intervention.

11. Defendant also utilized an artificial and/or prerecorded voice in calls made in connection with its business, including with respect to calls to Plaintiff.

12. For many of the people whose cell phones were called as a result of Defendant's autodialing and artificial/prerecorded voice calling practices, Defendant acquired the individual's number through skip tracing or another indirect method, *i.e.*, Defendant did not acquire the individual's number from the individual.

13. On information and belief, including the experience of Plaintiff described herein, many of these individuals were called more than once.

## Allegations Specific to Plaintiff

14. Defendant repeatedly called Plaintiff's cell phone at 646-549-0000 to try to contact her about an account that was not hers. Plaintiff began receiving these calls from Defendant in or around October 2014.

15. Defendant repeatedly caused Plaintiff's cell phone to be called in an attempt to contact the person who actually had an account with Defendant.

16. The individual Defendant was attempting to reach in causing Plaintiff's cell phone to be called is named or has a name similar to "Paul McPherson." Plaintiff is not "Paul McPherson," she has never gone by that name or any similar name, she does not know anyone with that name or a similar name, and no one with that or a similar name owns the number assigned to Plaintiff's cellular telephone.

17. Plaintiff has never given anyone with the name "Paul McPherson" or a person with a similar name permission to use her cell phone number as a "can be reached" number.

18. Defendant predominantly or only used artificial/prerecorded voice messages in the calls it caused to be made to Plaintiff's cell phone, and many if not all of the calls were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's number without human intervention.

19. Plaintiff could hear that the calls she received from Defendant used a prerecorded and/or artificial voice. In particular, messages Defendant left on Plaintiff's cell phone were identical to each other. Further, during some of Defendant's calls, the message would pause, and then, in a different, computerized-sounding voice, identify "Paul McPherson" as the party for whom the call was intended, before continuing on with the message in the original voice.

20. No human being pressed the digits of Plaintiff's cellular telephone number into a phone to call Plaintiff in connection with the calls she received from Defendant. The calls were made using an ATDS and an artificial and/or prerecorded voice.

21. By way of example, on or about October 7, 2014 at 6:56pm, Defendant calling from 855-460-8386 left the following message for Plaintiff on her cell phone in a prerecorded and/or artificial voice:

> Hello this is a courtesy call from AT&T customer service. I am calling to see how your AT&T U-Verse TV service is performing. I am sorry I missed you and will try you back at another time. Meanwhile, if you are experiencing any difficulties or have questions regarding your U-Verse TV or internet service, please contact us at 855-460-8386. Our hours of operation are 9am to 9pm eastern standard time Tuesday through Saturday. Thank you for choosing AT&T U-Verse and have a wonderful day.

22. By way of further example, on or about December 11, 2014 at 12:20pm and on or about December 12, 2014 at 4pm, Defendant calling from 855-460-8386 left identical messages for Plaintiff on her cell phone in a prerecorded and/or artificial voice:

> Hello this is a courtesy call from AT&T customer service. I am calling to see how your AT&T U-Verse service is performing. I am sorry I missed you and will try you back at another time. Meanwhile, if you are experiencing any difficulties or have questions regarding your U-Verse services, please contact us at 855-460-8386. Our hours of operation are 9am to midnight eastern standard time Monday through Saturday. Thank you for choosing AT&T U-Verse and have a wonderful day.

23. By way of further example, on or about December 20, 2014 at 1:04pm, Defendant calling from 800-288-8020 left the following message for Plaintiff on her cell phone in a prerecorded and/or artificial voice:

> This is an important message regarding your bill. This is not a sales call. Par espanol markay dos. If this is Paul Mcpherson or a person authorized to take action on U-Verse billing account number 126281565 please press 1 now otherwise to place this call on hold and allow time for them to come to the phone press 7. If no one is available right now press 9.

24. By way of further example, on or about December 23, 2014 at approximately 10:07am and on or about December 24, 2014 at 10:42am, Defendant calling from 800-288-2020 left identical messages for Plaintiff on her cell phone in a prerecorded and/or artificial voice:

> This is an important call from AT&T regarding your U-Verse account. Please contact us concerning your U-Verse account. Our number is 1-800-288-2020 and business hours are Monday to Friday 8am to 7pm and Saturday 8am to 5pm. AT&T appreciates your business.

25. Plaintiff also received numerous text messages from Defendant which were upon information and belief sent using an ATDS. This includes a threatening text message sent on February 3, 2015 at 7:08pm, just days after Defendant was told that 646-549-0000 was not Paul Mcpherson's phone number, which stated "AT&T U-verse Free Reminder: Tech to arrive 02/04 btwn 8:30AM-12:30PM.  Need help with your appt? Reply: HELP for agent or visit att.com/ufix Reply STOP to opt out".

26. Plaintiff was damaged by Defendant's calls. Her privacy was wrongfully invaded, she believed that someone had stolen her identity and Plaintiff was aggravated with having to deal with the frustration of repeated, unwanted phone calls and forcing her to divert attention away from her job, family, and other activities.

**Class Action Allegations**

27. Plaintiff brings the TCPA claims pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of a class (the "Class") defined as follows:

All persons in the United States whose cellular telephone number, at any time between the date that is four years prior to the filing of this action until certification:

1. Defendant's records show that Defendant caused that cellular telephone number to be called;

2. using an artificial or prerecorded voice and/or equipment with the capacity to dial numbers without human intervention;

3. where the person whom Defendant's record indicate Defendant intended to call was not the party to whom such number actually belonged (i.e., where the number called was a "wrong number").

Excluded from the Class are Defendant, any of Defendant's attorneys, officers, or employees, Plaintiff's counsel, and any member of the judiciary overseeing this action.

28. Plaintiff is a member of the Class. Plaintiff received autodialed and artificial/prerecorded voice calls to her cell phone from or on behalf of Defendant for an individual with a name of or similar to "Paul McPherson".

29. The Class and Subclass are so numerous that joinder of all members is impracticable. On information and belief, Defendant caused more than 100 cell phone numbers to be called in the four year period prior to the filing of this action using an autodialer and/or artificial or prerecorded voice, where the number called did not belong to the person Defendant intended to call. While the total number and identity of the Class members is at this point unknown, such information is, on information and belief, readily obtainable through the records of Defendant or its agent(s), and could number in the thousands.

30. Common questions of law or fact exist as to all members of the Class and predominate over any questions solely affecting any individual members. Such questions common to the Class and Subclass include but are not limited to:

 a. Whether Defendant used an "automatic telephone dialing system" or "artificial or prerecorded voice" as such terms are defined or understood under the TCPA and applicable Federal Communications Commission ("FCC") regulations and orders; and

b. Damages, which can be calculated by a mechanical formula, as well as whether Defendant's violations were performed willfully or knowingly such as to warrant treble damages under Section 227(b)(3) of the TCPA.

31. Plaintiff's claims are typical of the claims of the other members of the Class. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class and Subclass are the same: Defendant violated the TCPA by causing the cellular telephone number of each member of the Class, including Plaintiff, to be called using an automatic telephone dialing system and/or artificial or prerecorded voice.

32. Plaintiff and her attorneys will fairly and adequately protect the interests of the Class. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff will vigorously pursue her claims, and she has retained counsel competent and experienced in consumer class action litigation.

33. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy alleged herein. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the Class and Subclass will likely not even obtain relief,

whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise. Courts nationwide frequently grant class certification in cases brought under the TCPA; no difficulties are likely to be encountered in the management of this case as a class action.

34. Defendant—in making prerecorded autodialer calls to the cell phones of Plaintiff and the other members of the Class—has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, warranting injunctive or corresponding declaratory relief for the Class as a whole.

35. Prosecution of separate, piecemeal actions by individual members of the Class and Subclass, should they even realize that their rights have been violated, would create the risk of inconsistent results for the same unlawful conduct and practices.

**COUNT I**

**Violations of the TCPA, 47 U.S.C. § 227**

**(On Behalf of Plaintiff and the Class)**

36. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

37. As is relevant here, the TCPA prohibits Defendant from making telephone calls "using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

38. "Automatic telephone dialing system" refers to any "equipment which has the capacity … (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. §227(a)(1). The FCC, charged with adopting rules implementing the TCPA, has clarified that an ATDS includes predictive dialers and any

other equipment that has "the *capacity* to dial numbers without human intervention." *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2361 (May 13, 2013) (quoting *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 14092, para. 132 (2003)) (emphasis in original).

39. Defendant caused equipment having the capacity to dial numbers without human intervention to be used to make telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

40. Defendant used an artificial and/or prerecorded voice in calls to the cell phones of Plaintiff and the other members of the Class.

41. Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA.

42. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation, and a maximum of treble that amount if the Court determines that Defendant's violation of the TCPA was willful or knowing.

WHEREFORE, Plaintiff Eve Wexler, on behalf of herself and the Class, prays for the following relief:

(a) An order certifying the Class defined above, appointing Plaintiff as representative of the Class, and appointing her attorneys as class counsel;

(b) An award of damages;

(c) An injunction prohibiting Defendant from calling Plaintiff's and the Class members' cell phone numbers using an autodialer and/or artificial or prerecorded voice; and

(d) Such further and other relief the Court deems reasonable and just.

Dated: March 12, 2015

                                    Respectfully submitted,


                                    /s/Shimshon Wexler
                                    Shimshon Wexler
                                    The Law Offices of Shimshon Wexler, PC
                                    216 West 104th St., #129
                                    New York, New York 10025
                                    Tel: (212)760-2400
                                    Fax: (917)512-6132
                                    swexleresq@gmail.com