**MAYER·BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910

www.mayerbrown.com

Christopher J. Houpt

Direct Tel +1 212 506 2380
Direct Fax +1 212 849 5830

choupt@mayerbrown.com

March 23, 2015

<u>BY ECF</u>

Honorable Allyne R. Ross
United States District Court for the
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Wexler v. AT&T Corp.*, No. 15-cv-686 (ARR/VVP)

Dear Judge Ross:

I represent defendant AT&T Corp. ("AT&T") in the above-referenced action. AT&T respectfully seeks to file a motion to compel arbitration of plaintiff Eve Wexler's claims, and accordingly we request a pre-motion conference as required by Section III.A of this Court's Individual Motion Practices.

The basis for the motion is straightforward: Dr. Wexler is a customer of AT&T Mobility LLC ("AT&T Mobility"), an affiliate of defendant AT&T, and has agreed to resolve any disputes with AT&T Mobility or its affiliates by arbitration on an individual basis. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, requires enforcement of that arbitration agreement, as the United States Supreme Court and courts around the country have concluded in numerous cases. *See, e.g., AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). For the reasons discussed below, AT&T seeks to file a motion to compel Dr. Wexler to arbitrate her claims against AT&T on an individual basis in accordance with her agreement.

**1.    Dr. Wexler agreed to arbitrate her claims against AT&T.**

AT&T Mobility's business records establish that Dr. Wexler has a mobile phone account with AT&T Mobility with a phone number ending in -0000 (the phone number at issue in her complaint). On October 29, 2008, Dr. Wexler accepted AT&T Mobility's service agreement, including the arbitration provision set forth in the terms and conditions of that agreement. The service agreement's terms require Dr. Wexler to "arbitrate all disputes and claims between us" on an individual basis. The arbitration agreement defines "us" broadly to include "affiliates" of AT&T Mobility, one of which is defendant AT&T Corp.

In March 2009, AT&T Mobility revised its arbitration provision slightly and provided notice of that revision to its customers, including Dr. Wexler, with their monthly bills. Like earlier versions of the arbitration provision, the revised provision requires that AT&T Mobility and its customers arbitrate all disputes between them (including all disputes with AT&T Mobility's

March 23, 2015
Page 2

"affiliates") on an individual basis. A copy of the revised arbitration provision is attached to this letter as Exhibit 1.

Despite her arbitration agreement, Dr. Wexler filed this putative class action against AT&T. On March 12, 2015, Dr. Wexler amended her complaint. Dkt. # 4. Because "an amended pleading ordinarily supersedes the original and renders it of no legal effect" (*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (citation and internal quotation marks omitted)), this pre-motion letter serves to respond to the Amended Complaint.

2.  **Dr. Wexler's arbitration agreement is enforceable under the FAA.**

The FAA requires the enforcement of Dr. Wexler's arbitration agreement. The FAA applies to any arbitration agreement that is "written" and in a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. Both criteria are met here.

Under the FAA, Dr. Wexler's arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As the U.S. Supreme Court has explained, "[t]he overarching purpose of the FAA * * * is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *Concepcion*, 131 S. Ct. at 1748. And this "liberal federal policy favoring arbitration agreements" applies "notwithstanding any state substantive or procedural policies to the contrary." *Id.* at 1749 (internal quotation marks omitted). When a district court concludes that a dispute is arbitrable, court proceedings concerning those claims must be stayed and the matter referred to arbitration. *See* 9 U.S.C. § 3 (providing for stay).

Here, no grounds "exist at law or in equity for the revocation of" (9 U.S.C. § 2) Dr. Wexler's arbitration agreement. Her operative agreement is materially identical to the one that the Supreme Court considered and upheld in *Concepcion*. Compare Exhibit 1 with *Concepcion*, 131 S. Ct. at 1744 & n.3. In light of *Concepcion*, courts around the country have confirmed that the FAA requires enforcement of AT&T Mobility's arbitration provision, including in disputes involving affiliates of and entities related to AT&T Mobility. *See, e.g., Coneff v. AT&T Corp.*, 673 F.3d 1155, 1158 (9th Cir. 2012); *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205, 1212-16 (11th Cir. 2011). Indeed, the Supreme Court and federal courts around the country have enforced arbitration agreements that do not contain all of the pro-consumer features of the AT&T Mobility provision. *See, e.g., Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2311-12 (2013); *Adams v. AT&T Mobility LLC*, 816 F. Supp. 2d 1077 (W.D. Wash. 2011), *aff'd*, 524 F. App'x 322 (9th Cir. 2013); *Coppock v. Citigroup, Inc.*, 2013 WL 1192632, at *7 (W.D. Wash. Mar. 22, 2013); *Vernon v. Qwest Commcn's Int'l, Inc.*, 925 F. Supp. 2d 1185, 1195 (D. Colo. 2013).

3.  **Dr. Wexler's claim is within the scope of her arbitration agreement.**

Dr. Wexler's arbitration agreement fully encompasses her dispute with AT&T. The plain language of the agreement requires arbitration of "**all disputes and claims** between us"— language that is all-encompassing in scope. And the agreement defines the term "us" to include

both AT&T Mobility *and* its "affiliates."  An "affiliate" is "related to another corporation by shareholdings or other means of control," such as those with a common "parent entity." *Crewe v. Rich Dad Educ., LLC*, 884 F. Supp. 2d 60, 75 (S.D.N.Y. 2012) (enforcing arbitration) (citing BLACK'S LAW DICTIONARY 63 (8th ed. 2004)).  AT&T Corp. is an affiliate of AT&T Mobility because the two share common ownership; both are wholly-owned subsidiaries of AT&T Inc.

This broad language is enough, but the agreement goes on to specify that the term "all disputes and claims" "includes, but is not limited to * * * claims arising out of or relating to any aspect of the relationship between us," including those claims "based in * * * statute."  Here, Dr. Wexler alleges that an AT&T entity called her on her AT&T Mobility phone.  *See* Am. Compl. ¶ 14.  And she claims that AT&T Mobility's affiliate (AT&T) violated the Telephone Consumer Protection Act by calling her AT&T Mobility number.  That is a dispute that plainly "relat[es] to * * * the relationship between" Dr. Wexler and "us"—*i.e.*, AT&T Mobility and any other affiliated AT&T entity.

For these reasons, we respectfully request that AT&T be permitted to file a motion to compel arbitration, along with supporting declarations and business records.

**4.     The parties' proposed briefing schedule.**

The parties jointly propose the following briefing schedule:

- Opening motion papers shall be served on April 13, 2015;

- Any opposition papers shall be served on May 13, 2015;

- Any reply paper shall be served on May 29, 2015.

On May 29, 2015, the parties shall file their respective motion papers pursuant to Section III.D of this Court's Individual Motion Practices.

Thank you for considering our request for a pre-motion conference.

Sincerely,


/s/ Christopher J. Houpt
Christopher J. Houpt

cc:     Shimson Wexler (counsel for Plaintiff)
        Archis A. Parasharami (co-counsel for Defendants)