

THE CONSUMER RIGHTS LAW GROUP
3104 WEST WATERS AVENUE,
SUITE 200
TAMPA, FLORIDA 33614

P : 813-435-5055  |  F : 866-535-7199
WWW.CONSUMERRIGHTSLAWGROUP.COM

March 27, 2015

**BY ECF**

Honorable Frederic Block
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:    *Wexler v. AT&T Corp.*, No. 15-cv-686 (FB-VVP)

Dear Judge Block:

I represent Plaintiff Dr. Eve Wexler ("Dr. Wexler") in the above-referenced action. On March 24, 2015, defendant AT&T Corp. ("AT&T") requested, by letter, a pre-motion conference as required by Section 2.A of this Court's Individual Motion Practices, seeking to file a motion to compel arbitration of Dr. Wexler's claims.

In their letter, AT&T makes a number of statements that Dr. Wexler denies. For example, Defendant asserts that "on October 29, 2008, Dr Wexler accepted AT&T Mobility's service agreement." Dr. Wexler denies this assertion. In addition, Defendant alleges that "In March 2009, AT&T Mobility revised its arbitration provision slightly and provided notice of that provision to… Dr. Wexler." Dr. Wexler denies this assertion as well. Over ten years ago, Dr. Wexler did sign up for cellular phone service with Cingular Wireless, which was subsequently acquired by AT&T Mobility, LLC. While AT&T Mobility, LLC is Dr. Wexler's present wireless service provider, she is not under a contract for her cell phone, as the contract expired approximately a year ago, before any of AT&T's misconduct. It is well settled that a court may not compel arbitration until it has resolved "the question of the very existence" of the contract embodying the arbitration clause. *Interocean Shipping Co. v. Nat'l Shipping & Trading Corp.*, 462 F.2d 673, 676 (2d Cir.1972). "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)

Dr. Wexler is not required to submit any dispute with AT&T Mobility, LLC to arbitration. And even if she was required to arbitrate disputes concerning her wireless service provided by AT&T Mobility, LLC, the dispute before this Court is with AT&T Corp., a separate company that continues to invade Dr. Wexler's privacy by making calls to her cellular telephone with a pre-recorded or artificial voice without Dr. Wexler's express consent. Therefore, Dr. Wexler should not be required to arbitrate her dispute with AT&T Corp. This case is analogous to a case where a pedestrian who happens to be a customer of AT&T Mobility, LLC, is hit by a van owned by AT&T Corp, and AT&T Corp. attempting to avoid liability by invoking the arbitration clause arising from the pedestrian's mobile phone service contract. This is a case where AT&T Corp., a non-signatory to a purported arbitration agreement is attempting to enforce AT&T Mobility, LLC's right to arbitrate with Dr. Wexler.

Signatories to an arbitration agreement can be compelled to arbitrate their claims with a non-signatory only where a careful review of the relationship among the parties, the contracts they signed and the issues that had arisen among them discloses that the issues the non-signatory is seeking to resolve in arbitration are intertwined with the agreement that the party has signed. *Ragone v. Atl. Video at Manhattan Ctr.,* No. 07 Civ. 6084(JGK), 2008 WL 4058480, at *8 (S.D.N.Y. Aug. 29, 2008) (collecting cases applying this standard) *aff'd, Ragone,* 595 F.3d 115;. "This does not mean, however, 'that whenever a relationship of any kind may be found among the parties to a dispute and their dispute deals with the subject matter of an arbitration contract made by one of them, that party will be estopped from refusing to arbitrate.' " *Ragone,* 595 F.3d at 127 (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc.,* 542 F.3d 354, 359 (2d Cir.2008)). Rather, "[i]n addition to the 'intertwined' factual issues, there must be a relationship among the parties of a nature that justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement." *Sokol,* 542 F.3d at 359.

In this case, Dr. Wexler is seeking to resolve a claim that has nothing to do with her relationship with AT&T Mobility, LLC. Defendant's attempt to portray a liberal federal policy towards favoring arbitration agreements only applies to interpreting arbitration agreements between two contracting parties, and there is no federal policy favoring the interpretation that a contract to arbitrate has been formed between AT&T Corp. and Dr Wexler. The FAA does not force arbitration on parties who enter into contracts involving interstate commerce. Instead, the FAA requires only that "arbitration proceed in the manner provided for in the parties' agreement." Although we will construe ambiguities concerning the scope of arbitrability in favor of arbitration, we remain mindful that "as with any other contract, the parties' intentions control." *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 66 (1995). (internal quotations and citations omitted).

In conclusion, Dr. Wexler denies having any agreement to arbitrate with AT&T Mobility. And even if such an agreement existed, AT&T Corp. cannot invoke Dr. Wexler's agreement with AT&T Mobility to compel arbitration of a dispute that is wholly unrelated to Dr. Wexler's relationship with AT&T Mobility, LLC. The Amended Complaint alleges AT&T Corp.'s independent intentional violation of the Telephone Consumer Protection Act.

Yours Very Truly,

*s/ James S Giardina*
James S. Giardina

cc:    Shimshon Wexler (co-counsel for Plaintiff)
       Christopher J. Houpt (co-counsel for Defendants)
       Archis A. Parasharami (co-counsel for Defendants)