UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EVE WEXLER, on behalf of herself and all others similarly situated,

                              Plaintiff,

v.

AT&T CORP.

                              Defendant.

15-CV-0686 (ARR/VVP)

**DECLARATION OF DAVID BATES**

---

I, David Bates, hereby declare as follows:

1. The following facts are of my own personal knowledge, and if called as a witness I could and would testify competently as to their truth.

2. I am employed by AT&T Services, Inc., as Development Manager. My job responsibilities include, among other things, overseeing the development team for the AT&T Mobility LLC ("AT&T") Premier e-commerce web site. My job responsibilities at AT&T have included working with the Premier e-commerce web site for many years, including from October 2008 to the present.

3. Some customers who obtain wireless service under the auspices of their employer purchase wireless phones and service using AT&T's Premier web site. A customer who uses AT&T's Premier web site does so either as an "individually responsible user" in order to take advantage of a discount provided through his or her employer for a personal phone, or as a "corporate responsible user" whose account is owned by his or her employer.

4. As that process worked in October 2008, in order to complete a transaction, an individually responsible user was required to check a box on the Premier web site

1

acknowledging that he or she was accepting the terms of AT&T's Wireless Service Agreement. The text of the relevant Wireless Service Agreement, including its terms and conditions, was displayed on the web site in a scrolling text box above the acknowledgement check box. Immediately below the acknowledgement check box was a link labeled "Print Service Agreement," which a user could click to print a copy of the terms of the AT&T Wireless Service Agreement. Attached as Exhibit 1 is a true and correct printout of the screen containing the acknowledgement check box and scrollable Wireless Service Agreement as it appeared in or prior to October 2009. That screenshot reflects the earliest screen-captured version of the website that is available to me in the records that I maintain. Based on my personal knowledge and experience, the appearance of Exhibit 1 is the same as or substantially similar to how the Premier web site would have appeared to a customer in October 2008. Then, as with the version of the web site displayed in Exhibit 1, a customer would have been presented with a scrolling text box containing the Wireless Service Agreement, and the customer would have been required to check a box near an acknowledgment that he or she was accepting the terms of AT&T's Wireless Service Agreement. A customer could not have proceeded to complete the transaction without checking the box acknowledging acceptance of the terms of the Wireless Service Agreement.

4. According to AT&T's records, attached as Exhibit 2 is a true and correct copy of the text of the Wireless Service Agreement that would have been displayed to an individually responsible user who purchased a phone in October 2008 using AT&T's Premier web site.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 23, 2015, at Seattle, WA.

_____
David Bates

2