**MAYER•BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

Evan M. Tager
Direct Tel +1 202 263 3240
Direct Fax +1 202 263 5240
etager@mayerbrown.com

September 13, 2016

BY ECF

Honorable Frederic Block
United States District Court for the
   Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Wexler v. AT&T Corp.*, No. 15-cv-686 (FB-PK)

Dear Judge Block:

I represent defendant AT&T Corp. ("AT&T") in the above-referenced action. I write to bring to the Court's attention a recent decision, *Drozdowski v. Citibank, Inc.*, 2016 WL 4544543 (W.D. Tenn. Aug. 31, 2016), that addresses issues relevant to AT&T's pending motion to compel arbitration (Dkt. No. 108).

In *Drozdowski*, the court granted Citibank's motion to compel arbitration in the context of a putative class action under the Telephone Consumer Protection Act (TCPA). In so doing, the court rejected two arguments made by the plaintiffs in that case that are similar to arguments that plaintiff Eve Wexler makes here.

First, the court rejected plaintiffs' argument that Citibank had failed to prove the existence of an arbitration agreement. Citibank had introduced "the declaration of its employee . . . who has 'access to the business records related to the credit card accounts issued by Citibank'" as well as declarations attaching and authenticating "exemplar" versions of the "card agreement[s]." 2016 WL 4544543, at *4. The court held that those declarations sufficed to demonstrate that arbitration agreements had been formed (*see id.* at *4-*6), explaining: "Plaintiffs have not pointed to any evidence to show that the agreements and exemplars that have been produced are not the same as those entered between Plaintiffs and Citibank. Therefore, . . . Citibank may rely on the agreements and exemplars attached to its motion to compel arbitration." *Id.* at *4.

Second, the court rejected the argument that claims under the TCPA were outside the scope of the parties' arbitration agreements. The court stated: "Here, the underlying conduct for the alleged TCPA violations, i.e., Citibank's calls to [plaintiff] Monika Drozdowski's cell phone, relates to and implicates her relationship with Citibank. . . . The Plaintiffs have not shown that [Ms.] Drozdowski's claim does not relate to her relationship with Citibank or that it falls outside the broad scope of the Arbitration Agreement." *Id.* at *8. Accordingly, the court held, "'[t]he parties should be compelled to arbitration unless it can be said with 'positive assurance' that the party's claims do not fall within the scope of the Arbitration Agreement.'" *Id.* (citation omitted).

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Thank you for considering this supplemental authority.

Sincerely,

/s/ Evan M. Tager

cc:     Shimson Wexler (counsel for Plaintiff)
        James Giardina (counsel for Plaintiff)