**MAYER•BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

Evan M. Tager
Direct Tel +1 202 263 3240
Direct Fax +1 202 263 5240
etager@mayerbrown.com

September 26, 2016

BY ECF

Honorable Frederic Block
United States District Court for the Eastern District of
New York
225 Cadman Plaza East
Brooklyn, New York, 11201

*Wexler v. AT&T Corp.*, No. 15-cv-686 (FB-PK)

Dear Judge Block:

On behalf of defendant AT&T Corp. ("AT&T"), I write to request a pre-motion conference in anticipation of filing a motion to strike the class allegations in the Amended Complaint (Doc. No. 4) on the ground that plaintiff Dr. Eve Wexler is an inadequate representative of the class as a matter of law. Although AT&T continues to maintain that the Court should compel arbitration, we respectfully submit that the Court should defer ruling on the motion to compel until the motion to strike is fully briefed and then address both the motion to compel and, if necessary, the motion to strike in a single order from which either or both parties could potentially appeal.[1] This approach would advance the interest of judicial economy by potentially resolving in one stroke two threshold legal issues, each of which the losing party may wish to attempt to appeal.

The basis for the contemplated motion to strike is simple: Dr. Eve Wexler is the spouse of Shimshon Wexler, one of the attorneys who seeks to become class counsel. Given the obvious conflict of interest that arises in such a situation, Dr. Wexler is not an adequate class representative as a matter of law. Because Dr. Wexler is the sole plaintiff in this litigation and she cannot adequately represent the interests of the class, the class allegations should be struck.

---

[1] In suggesting that the Court defer resolution of the motion to compel arbitration so that, if necessary, it could address the motion to strike in the same order, AT&T in no way intends to waive its right to arbitrate. If the Court grants the motion to compel arbitration on an individual basis, as AT&T submits it should, the Court would not need to address the motion to strike. But if the Court denies the motion to compel, as it indicated in the hearing it is inclined to do, it would be efficient to address the motion to strike in the same order, making it possible for the Second Circuit to potentially consider both issues in the same consolidated appeal.

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Honorable Frederic Block
September 26, 2016
Page 2

1.  **Dr. Wexler's Spousal Relationship With Class Counsel Makes Her An Inadequate Class Representative As A Matter Of Law.**

Under Federal Rule of Civil Procedure 23(a)(4), the class representative must "fairly and adequately protect the interests of the class." As a general matter, familial relationships are viewed as conflicts of interest that render a named plaintiff an inadequate representative of the class as a matter of law. *See, e.g.*, *Eubank v. Pella Corp.*, 753 F.3d 718, 723 (7th Cir. 2014) ("[I]t was improper for the lead class counsel to be the son-in-law of the lead class representative."); *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 95 (7th Cir. 1977) (conflict of interest existed because class representative and class counsel were brothers); *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976) (plaintiffs were inadequate class representatives because "three are attorneys with the law firm of counsel and the fourth is the wife of one of them"); Donald Daucher, *Fair and Adequate Representation Under Rule 23(a)(4), Independence and Improper Relationships and Arrangements Between Named Representatives and Class Counsel*, 37 W. St. U. L. Rev. 135, 165 (2010) ("Family relationships between class counsel and the named representative raise too many questions as to the fairness and adequacy of the representation that will be afforded to the class.").

When, as here, the class representative and class counsel are spouses, the "potential conflict of interest . . . is obvious." *Stull v. Pool*, 63 F.R.D. 702, 704 (S.D.N.Y. 1974). That is because "the possible recovery of [the class representative] as a member of the class is far exceeded by the financial interest she and her husband, as a marital unit, might have in the legal fees engendered by this lawsuit." *Id.* In other words, there is an inherent conflict of interest between Dr. Wexler's status as the class representative and her financial stake in her husband's legal practice: She may be willing to accept a lower settlement for the class because that settlement agreement contains attorneys' fees that will be paid to her husband—exacerbating a problem with lawyer-driven class actions of this sort that the Court identified at the hearing on the motion to compel arbitration. At a minimum, a spousal relationship between the class representative and class counsel creates an appearance of impropriety. *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1155 (8th Cir. 1999) ("In situations where there is a close familial bond between a class counsel and a class representative, it seems to us that there is a clear danger that the representative may have some interests in conflict with the best interests of the class as a whole when making decisions that could have an impact on attorney's fees."); *McDonough v. Toys R Us, Inc.*, 638 F. Supp. 2d 461, 478 (E.D. Pa. 2009) ("Courts sometimes express concern about close relationships between class representatives and counsel because it might create the appearance of impropriety or the plaintiff might want to maximize the counsel's fee award to the determinant of class members.").

2.  **Proposed Briefing Schedule.**

For reasons of judicial economy, AT&T respectfully requests that the Court defer ruling on AT&T's motion to compel arbitration until briefing has been completed on the proposed motion to strike class allegations. That motion is straightforward and should not require much time to brief and, if necessary, resolve. Accordingly, AT&T proposes the following briefing schedule:

Honorable Frederic Block
September 26, 2016
Page 3

- The motion to strike and supporting memorandum shall be served within seven days of the date of the pre-motion conference.

- Any opposition shall be served within fourteen days of service of the motion to strike.

- Any reply brief shall be served within seven days of service of the opposition to the motion.

Within 30 days of the date of the pre-motion conference, the parties shall file their respective motion papers pursuant to Section 2.D of this Court's Individual Motion Practices.

This proposed schedule will delay resolution of the motion to compel arbitration only minimally, if at all.

Thank you for considering our request.

Sincerely,


/s/ Evan M. Tager

cc:   Shimson Wexler (counsel for Plaintiff)
      James Giardina (counsel for plaintiff)