
THE CONSUMER RIGHTS LAW GROUP
3104 WEST WATERS AVENUE,
SUITE 200
TAMPA, FLORIDA 33614

P : 813-435-5055 | F : 866-535-7199
WWW.CONSUMERRIGHTSLAWGROUP.COM

March 13, 2017

VIA CM/ECF

Honorable Frederic Block
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   Wexler v. AT&T Corp., No. 15-cv-686 (FB-PK)

Dear Judge Block:

This letter serves as a response to Defendant's January 30, 2017 letter requesting to strike class allegations based solely on its contention that Dr. Eve Wexler is an inadequate class representative because her husband was a former attorney in this case. In making its argument, AT&T mainly relies on a district court opinion from the Northern District of Illinois that does not even apply to situations where prior counsel has withdrawn.

## AT&T RELIES ON THE WRONG STANDARD[1]

Defendants moved to strike the class allegations under Federal Rule 12(f). The rule only permits the court to strike an "insufficient defense" or "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). This test is applied using the standard for evaluating a motion to dismiss under Federal Rule 12(b)(6), with the burden of carrying the motion falling on Defendants, construing the complaint's allegations in the plaintiff's favor. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015), citing 2A Moore's Federal Practice 12.21[2] (2d ed. 1992). Yet AT&T does not argue the allegations were "redundant, immaterial, impertinent or scandalous," nor do they construe the allegations in Plaintiff's favor. Instead, they argue facts outside the pleadings to argue that Plaintiff is an inadequate class representative. As such, its motion should be denied.

## CLASS ACTIONS ARE ESSENTIAL TO ENFORCE THE TCPA

The Telephone Consumer Protection Act provides for statutory damages of only $500 per call found to violate the statute (subject to an up to three-fold increase for a willful violation), and Dr. Wexler only received six calls. The TCPA has no fee-shifting provision that would allow an individual plaintiff to also recover attorney's fees and expenses, which would be considerable. An individual plaintiff in a typical TCPA suit would need to complete written discovery and any necessary discovery motion practice, take depositions, address any expert the defendant hires to

---

[1] The fact that Rule 12(f) is an improper vehicle to conduct the present inquiry is further indication that this issue should wait until Plaintiff files a motion for class certification.

argue that the system used to make the calls at issue was not an "automatic telephone dialing system" covered by the TCPA, potentially hire their own counter-expert, litigate any *Daubert* and summary judgment motions, and then proceed to trial. Thus, plaintiffs with typical TCPA claims are unlikely to pursue individual actions. Class actions are essential to the resolution of these claims.

In other words, AT&T's argument that Dr. Wexler may have a conflict would effectively prevent the putative class from recovering anything. AT&T's argument is the classic fox guarding the hen house argument. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981)" "[I]t is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether "the representative parties will fairly and adequately protect the interests of the class," or the plaintiffs' ability to finance the litigation, it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house.") Regardless, Dr. Wexler is an adequate class representative and has no conflicts with the class.

## **THERE IS NO CONFLICT**

There is no conflict between Plaintiff and the class. *See In Re Cardizem Cd Antitrust Litigation* 200 F.R.D. 326, 337 (E.D. MI. 2001)(rejecting the argument there was a potential conflict where Plaintiff's son was employed as an associate with liaison counsel and holding "As the courts routinely observe, a named plaintiff will not be disqualified simply because of a close or familial relationship with one of the attorneys representing the class."); *In re Greenwich Pharm. Sec. Litig.,* No. 92–3071, 1993 WL 436031, *2 (E.D.Penn.1993) (finding that "a close familial relationship" alone is insufficient to disqualify a representative plaintiff and concluding that the father of an attorney in one of the firms representing plaintiffs was an adequate class representative).

The court in *In re Cardizem* rejected the proposition that potential conflict regarding attorney fees disqualified plaintiff and held "[m]oreover, the fact that the courts have the power to review settlement agreements for fairness will further protect any potential conflict that may arise in that context." *Id*. at 338.

Similarly, the Eastern District of New York held there was no conflict in a case where the plaintiff, an attorney and a sole practitioner, initiated a case as a pro se litigant and after five years of litigation retained counsel and then solely acted as class representative who still requests to be paid fees for his earlier work. *Steinberg v Nationwide Mutual Insurance Company*, 224 F.R.D. 67 (E.D. New York 2004). In rejecting a similar argument that AT&T makes here, the court held:

> The problems of which the defendant complains, **including the plaintiff's desire to be paid attorney's fees for the time that he acted as counsel,** are not "central to the plaintiff's case" and are not "so substantial that they threaten to undermine the plaintiff's case as a whole." *In re Ski Train Fire in Kaprun*, 220 F.R.D. 195,

> 203 (S.D.N.Y.2003). Accordingly, the Court finds that the plaintiff is an adequate representative of the putative class.
>
> In addition, the Court finds that the Pomerantz firm is "qualified, experienced, and generally able to conduct the litigation." Id. at 201. The Pomerantz firm has a strong reputation as class counsel and has demonstrated its competence to serve as class counsel in this motion for class certification. Accordingly, the Court finds that the plaintiff has satisfied the adequacy of representation requirement of Rule 23(a)(4).

*Id*. at 76 (emphasis added).

Plaintiff acknowledges that some courts have used their discretion and not allowed family relationships between Class Counsel and Plaintiff. But Plaintiff submits that this issue has been mooted by the withdrawal of Mr. Wexler and appearance of new class counsel. So to the extent that there is an argument that Mr. Wexler cannot be class counsel, it is now an academic issue since he withdrew.

It is worth noting that AT&T's initial October 28, 2016 letter stated "As discussed in my initial letter, the law could not be clearer that Dr. Wexler cannot serve as the sole class representative so long as her husband, Shimshon Wexler, has any financial interest—whether direct or indirect—in this case."

Subsequently, Shimshon Wexler withdrew, denounced any percentage interest in a class settlement and Mr. Keogh has appeared as additional counsel. AT&T cannot seriously contend that current counsel will not adequately protect the class interests. Besides being found adequate in numerous class actions under the TCPA, Mr. Keogh was lead counsel in *Hageman v. AT&T Mobility LLC, et al.*, Case 1:13-cv-00050-DLC-RWA (D. MT.). *Hageman* is one of the largest class settlements in the history of the TCPA and is the largest on a per class member recovery where the settlement was for $45 million for a class of 16,000 persons. The addition of Mr. Keogh should moot AT&T's argument. *See Jordan v. County of Los Angeles,* 669 F.2d 1311, 1323 (9th Cir. 1982) (ruling that despite the district court's concern about one of the counsel in the case, "the court on remand may condition class certification upon active participation as co-counsel of attorneys from the Center for Law in the Public Interest or other counsel the court deems adequate") (reversed on other grounds); *Guifu Li v. A Perfect Day Franchise, Inc.*, 2011 U.S. Dist. LEXIS 114821, *28 (N.D. Cal. 2011) (finding "remaining counsel" to be adequate because conflict from disqualified counsel did not impute to co-counsel).

Yet, AT&T still takes issue with Dr. Wexler because Shimshon Wexler may petition the Court for his work based on quantum meruit. In other words, attorney Wexler is in the same position as any attorney who was fired and may petition for quantum meruit. In any event, AT&T's argument that Dr. Wexler may not protest enough in response to a petition for quantum meruit ignores her current counsel's duties as a fiduciary to the class and ignores the fact that it is this

Court and not Plaintiff who awards any fees. Putting aside that any such petition is a hypothetical, the Court will be in the position, as it is for any class action, to determine whether any fees are fair and reasonable to the class. *See In re Cardizem.* In fact, it is often the fact that plaintiffs and defendants do not object to attorney fees in class settlements such that the Court has an independent obligation to police fees and that any failure to do object does not create a conflict. *Goldberger v. Integrated Res.*, 209 F.3d 43, 52 (2d Cir. 2000)( noting that "fixing a reasonable fee becomes even more difficult because the adversary system is typically diluted - indeed, suspended - during fee proceedings. Defendants, once the settlement amount has been agreed to, have little interest in how it is distributed and thus no incentive to oppose the fee.") As such, this case raises nothing new or different than any other class action and the conflict that AT&T is most concerned with will not be present since this Court has an independent obligation to approve all fee requests to insure that they are reasonable.

For the reasons stated above, Plaintiff requests that the Court deny Defendant's request to strike the class actions.

Respectfully submitted,

James S. Giardina
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I, James Giardina, hereby certify that on this 13th day of March 2017, I personally Plaintiff Eve Wexler's letter brief in opposition to striking the class allegations with the United States Postal Service for delivery via Priority Mail, with courtesy copies by email to the following recipients:

Evan M. Tager
Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C.
20006-1101

Christopher James Houpt
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020

Archis A. Parasharami
Mayer Brown LLP
1999 K Street NW
Washington, DC
20006-1101

_____
James S Giardina
*Counsel for Plaintiff*