**MAYER•BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

Evan M. Tager
Direct Tel +1 202 263 3240
Direct Fax +1 202 263 5240
etager@mayerbrown.com

August 25, 2017

BY ECF

Honorable Frederic Block
United States District Court for the Eastern District of
New York
225 Cadman Plaza East
Brooklyn, New York, 11201

*Wexler v. AT&T Corp.*, No. 15-cv-686 (FB-PK)

Dear Judge Block:

I write to respond to Dr. Wexler's letter dated August 24, 2017 (Dkt. #50), calling to the Court's attention Judge Pauley's recent decision in *Gross v. GFI Group, Inc.*, No. 14-cv-9438 (S.D.N.Y. Aug. 23, 2017).

The named plaintiff in *Gross* was the brother-in-law of co-lead counsel for the putative class. Judge Pauley rejected the argument that this relationship rendered the plaintiff an inadequate class representative. He explained:

> "[T]he touchstone for denial of class action status" in cases involving relationships between class representatives and class counsel "is that the plaintiff might have an interest in the legal fees that the attorney might ultimately seek." *Fischer v. Int'l Tel. & Tel. Corp.*, 72 F.R.D. 170, 173 (E.D.N.Y. 1976). Accordingly, courts in this circuit have certified class representatives where the record suggests that plaintiff has no direct interest or likelihood of obtaining a portion of the attorney fees awarded to class counsel.

Slip op. at 6 (internal quotation marks and citations omitted). Because "the record reveal[ed] no arrangement among [the lawyer and the named plaintiff] suggesting that [the named plaintiff] has an interest in any potential fee [the lawyer] stands to earn," Judge Pauley held that "any conflict of interest … is too speculative to bar class certification." *Id*. at 6-7.

Here, in contrast, Dr. Wexler has tacitly admitted—by not denying—that she has a financial interest in the *quantum meruit* recovery that her husband intends to seek. Unlike in *Gross*, that interest is far from "speculative" and accordingly is "the touchstone for denial of class action status."

Because *Gross* affirmatively ***supports*** the arguments made in our letter motion, the Court should grant the motion and strike the class allegations.

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Honorable Frederic Block
August 25, 2017
Page 2

Sincerely,


/s/ Evan M. Tager

cc:     James Giardina (counsel for plaintiff)
        Keith Keogh (counsel for plaintiff)