UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
EVE WEXLER, on behalf of herself and
all others similarly situated,

                Plaintiff,

  -against-                             **MEMORANDUM AND ORDER**
                                        Case No. 15-CV-0686 (FB) (PK)
AT&T CORP.,

                Defendant.
-------------------------------------------------x

*Appearances*
*For the Plaintiff:*                               *For the Defendant:*
JAMES S. GIARDINA, ESQ.               EVAN TAGER, ESQ.
The Consumer Rights Law Group, PLLC   Mayer Brown LLP
3104 West Waters Avenue, Suite 200      1999 K Street NW
Tampa, Florida 33614                            Washington, DC 20006

**BLOCK, Senior District Judge:**

      Eve Wexler ("Dr. Wexler"), on behalf of herself and a proposed class of similarly situated individuals, has sued AT&T Corp. under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Pursuant to Federal Rule of Civil Procedure 12(f), AT&T moves to strike the class allegations in Dr. Wexler's complaint on the ground that she is not an adequate representative of the class. For the following reasons, the motion is granted.

# I

"A motion to strike class allegations under Rule 12(f) is . . . disfavored because it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 447 (E.D.N.Y. 2015) (citations and internal quotation marks omitted). Here, however, the lack of discovery is not a cause for concern because the following facts, though not alleged in the complaint, are undisputed:

- The lawsuit was filed on February 11, 2015, by Mrs. Wexler's husband, Shimshon.

- One month later, James Giardina joined Mr. Wexler as counsel for plaintiff.

- After the Court denied AT&T's motion to compel arbitration, *see Wexler v. AT&T Corp.*, 211 F. Supp. 3d 500 (E.D.N.Y. 2016), AT&T filed a letter seeking a conference on its contemplated motion to strike. It took the position that "unless and until Shimshon Wexler both withdraws as counsel and renounces any interest in any future award of attorney's fees in this case, Dr. Wexler is an inadequate class representative as a matter of law, and the case cannot proceed as a class action." Letter from Evan M. Tager (Oct. 28, 2016) 1.

- In response, Mr. Giardina represented that "Mr. Shimshon Wexler will be withdrawing as counsel for Plaintiff [and] a new firm will be joining the case." Letter from James S. Giardina (Nov. 9, 2016) 1. He further represented that "Mr. Wexler will not be entitled to any share of any attorney fees recovered in this case, but may seek to petition the Court for quantum meruit only for the work done prior to his withdrawal." *Id.*

2

- Mr. Wexler withdrew as counsel for plaintiff on November 18, 2016. He was replaced by Keith J. Keogh a few days later.

## II

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). As a result, special rules are needed to protect non-party class members who will be bound by the outcome of the litigation. *See id.* at 349. These rules, rooted in concepts of due process, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985), are embodied in the four prerequisites of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation.

At issue here is Dr. Wexler's adequacy as a representative of the class. *See* Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Thus, "the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006).

"[T]here is no per se rule against relatives of class counsel serving as class

representatives." *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 42 (E.D.N.Y. 2008). However, courts have long found that a familial (or any other) relationship creates a conflict if it gives the class representative an interest in the fees class counsel might recover. *See Stull v. Baker*, 410 F. Supp. 1326, 1337 (S.D.N.Y. 1976) ("[T]rial courts have found that, when the class plaintiff is so closely allied with the class attorney that he or she might have an interest in the legal fees that the attorney may ultimately seek, there is at least a potential conflict of interest."); *Fischer v. Int'l Tel. & Tel. Corp.*, 72 F.R.D. 170, 173 (E.D.N.Y. 1976) (calling class representative's interest in class counsel's fee "the touchstone for denial of class action status").

The problem stems from the class representative's duty to monitor class counsel. A class representative's duties are generally nominal, but this one is significant. As Judge Posner has explained, the interests of class counsel inherently diverge from the interests of the class: "[T]he incentive of class counsel, in complicity with the defendant's counsel, [is] to sell out the class by agreeing with the defendant to recommend that the judge approve a settlement involving a meager recovery for the class but generous compensation for the lawyers—the deal that promotes the self-interest of both class counsel and the defendant and is therefore optimal from the standpoint of their private interests." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011). A vigilant class representative will—at

least in theory—act as a foil to self-dealing by class counsel. Courts fear that an interest in class counsel's fee will dull that vigilance, especially if the fees are likely to dwarf the class representative's own recovery. *See Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 96 (S.D.N.Y. 2010); *Stull v. Pool*, 63 F.R.D. 702, 704 (S.D.N.Y. 1974).

Dr. Wexler concedes, as she must, that she would have had an interest in a potential fee award to her husband, had he been appointed class counsel. She argues that his withdrawal "mooted" the issue, Letter from James S. Giardina (Mar. 13, 2017) 2, but that is not correct. Notwithstanding his withdrawal, Mr. Wexler intends to seek fees for his work based on quantum meruit. Since he is no longer in a position to negotiate with the defendant, any fee award would come out of the class's recovery. As class representative, Dr. Wexler should act to maximize that recovery and, by extension, minimize reductions to it. But her interest in the fee award supplies the opposite incentive.

Dr. Wexler argues that her current counsel and the Court are adequate safeguards against an unreasonable fee request. While it is true that a plaintiff's lawyer in a putative class action owes duties to the class, he or she also owes them to the named plaintiff. *See* Restatement (Third) of the Law Governing Lawyers § 14 cmt. f (Am. Law Inst. 2000) ("Lawyers in class actions thus have duties to the class as well as to the class representatives."). If the interests of Dr. Wexler and the class

5

were to diverge over Mr. Wexler's fee request, then so would counsel's loyalties. And while the Court has a role in approving both settlements and fee awards, *see* Fed. R. Civ. P. 23(e, h), the Second Circuit has held that court approval does not supplant the need for a conflict-free class representative. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 216, 224 (2d Cir. 1987) ("We also reject the district court's finding that its authority to approve settlement offers under Fed.R.Civ.P. 23(e) acts to limit the threat to the class from a potential conflict of interest."); *see also Denny*, 443 F.3d at 268 ("Adequacy must be determined independently of the general fairness review of the settlement[.]").

The Court is aware that the importance of a vigilant class representative is easily overstated. Even a conflict-free representative is unlikely to be much of a watchdog. *See Eubank v. Pella Corp.*, 753 F.3d 718, 719-20 (7th Cir. 2014) ("Class actions are the brainchildren of the lawyers who specialize in prosecuting such actions, and in picking class representatives they have no incentive to select persons capable or desirous of monitoring the lawyers' conduct of the litigation."); *Umbriac v. Am. Snacks, Inc.*, 388 F. Supp. 265, 275 (E.D. Pa. 1975) ("[T]his interest [in class counsel's fee] does not in my opinion create substantially more of a risk that the suit would be compromised unfairly as respects class interests than would exist if there were no relationship between the representative parties and counsel for plaintiffs.").

The very nature of a class action creates conflicts of interest between the class, class counsel and the class representative. That is, to a large extent, the reason the requirements of Federal Rule of Civil Procedure 23(a)—however fallible they may be—must be scrupulously enforced.

### III

Because Dr. Wexler has an interest in a possible fee award to her husband, she cannot adequately represent the interests of absent class members. Therefore, AT&T's motion to strike the class allegations in her complaint is granted.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

February 5, 2018
Brooklyn, New York