MAYER•BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**Matthew D. Ingber**
Direct Tel +1 212 506 2373
Direct Fax +1 212 849 5973
mingber@mayerbrown.com

December 11, 2018

BY ECF

Honorable Peggy Kuo
United States District Court for the Eastern District of
New York
225 Cadman Plaza East
Brooklyn, New York, 11201

*Wexler v. AT&T Corp.*, No. 15-cv-686 (FB-PK)

Dear Judge Kuo:

We write on behalf of defendant AT&T Corp. in advance of the upcoming January 15, 2019 evidentiary hearing to request that Your Honor order a limited production of documents relating to Dr. Wexler's adequacy as class representative.

AT&T has asked Dr. Wexler to produce a narrowly tailored category of documents: attorney agreements, engagement letters, and/or termination letters relating to the representation of Dr. Wexler by Shimshon Wexler, James Giardina, and Keith Keogh in this case. To date, Dr. Wexler has refused to comply with this narrow request, and has failed to provide AT&T with a basis for her refusal.

The refusal is unjustified, because in her motion for leave to amend, Dr. Wexler has placed the documents directly at issue. Without evidentiary support, she states that "Attorney Wexler stepped aside" in response to AT&T's motion to strike the class allegations. Dr. Wexler refers to a "new attorney agreement" in which she claims that her husband "was not entitled to any share of attorneys [sic] recovered, but would be permitted to petition the Court for quantum meruit but only for work done prior to his withdrawal." Mem. of Law ISO Mot. for Leave to File Second Amended Cplt. (Dkt. 60) at 4. She then refers to a subsequent agreement in which her husband "agreed to waive 100% of his attorney fees" and "has agreed to waive any lien or *quantum meruit* claim he may have for fees." *Id.* at 4-5. The circumstances surrounding Shimshon Wexler's termination as counsel, including the nature and timing of Dr. Wexler's modified fee arrangements, bear directly on AT&T's position that leave to amend would be futile because Dr. Wexler remains an inadequate class representative under Fed. R. Civ. P. 23(a)(4). These essential documents, at the very least, would allow the Court to confirm the nature of Dr. Wexler's relationship with her various attorneys, and the terms (if any) of the asserted cessation of that relationship.

In light of the relevance of these documents, AT&T respectfully requests that the Court grant AT&T leave to seek limited discovery from Plaintiff (consisting of the requested documents) and that the Court compel Plaintiff to produce those documents. Although discovery has not

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Mayer Brown LLP

Honorable Peggy Kuo
December 11, 2018
Page 2

formally commenced yet, the Court has the power to authorize limited discovery prior to the Rule 26(f) conference—*see* Fed. R. Civ. P. 26(d)(1)—and the requested discovery is highly relevant to the adequacy issue that will be the subject of the evidentiary hearing before this Court.

Moreover, it would serve little purpose to delay consideration of whether to compel Plaintiff to comply with the requested discovery. Plaintiff's counsel has failed to offer any reason for refusing to provide the requested discovery, and no legitimate reason exists. First, attorney agreements and engagement letters are not privileged. *See Vingelli v. U.S. Drug Enforcement Agency*, 992 F.2d 449, 452 (2d Cir. 1993) ("in the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege"); *United States v. Hatfield*, 2009 WL 3806300, at *11-12 (E.D.N.Y. Nov. 13, 2009) (holding that attorney-client engagement letter was not privileged); *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 100-01 (S.D.N.Y. 2009) ( "the 'fact of retainer [and] identity of the client' are not privileged, because they do not qualify as 'confidential communications' made for the purpose of securing legal advice") (citation omitted). Second, in light of the modest number of documents requested, it will not be unduly burdensome for Dr. Wexler to comply with AT&T's production request before the hearing. In fact, because the requested documents represent the actual, contractual terms of Dr. Wexler's legal engagements, these materials should be readily accessible by Dr. Wexler personally and from her counsel's records.

Respectfully,

/s/ Matthew D. Ingber

cc: James Giardina (counsel for plaintiff)
Keith Keogh (counsel for plaintiff)