UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
EVE WEXLER, on behalf of herself and
all others similarly situated,

                Plaintiff,

-against-

AT&T CORP.,

                Defendant.
-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No.: 15-CV-0686 (FB) (PK)

Appearances:

*For the Plaintiff*:
JAMES S. GIARDINA
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, FL 33614

KEITH J. KEOGH
Keogh Law, Ltd.
55 W. Monroe Street, Suite 3390
Chicago, IL 60603

*For the Defendant*:
CHRISTOPHER J. HOUPT
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020

**BLOCK, Senior District Judge:**

      In a prior memorandum and order, the Court ordered the class-action allegations stricken from the complaint on the ground that the named plaintiff, Dr. Eve Wexler ("Dr. Wexler" or "Plaintiff"), could not be an adequate class representative because she is married to Shimshon Wexler, the lawyer who filed the complaint. *See Wexler v. AT&T Corp.*, 323 F.R.D. 128 (E.D.N.Y. 2018). It

reasoned that Mr. Wexler's withdrawal from the case did not cure the conflict because he still retained the right to seek fees on a *quantum meruit* theory. See *id.* at 130.

In response, Dr. Wexler moved to amend the complaint to resurrect the class-action allegations. She explained in a promotion letter that Mr. Wexler had agreed to disavow *any* claim to attorney fees. The Court referred the motion to Magistrate Judge Kuo, who issued a Report and Recommendation ("R&R") on August 5, 2019. Dr. Wexler timely objected, which requires the Court to review the R&R *de novo*. *See* 28 U.S.C. § 636(b).

The R&R recommends that Plaintiff's Motion for Leave to File a Second Amended Complaint (the "Motion") be denied. It reasons that Plaintiff's proposed amendments would be futile "[b]ecause Plaintiff is not an adequate class representative" and as such "the proposed class cannot be certified under Rule 23." R&R at 11.

Plaintiff argues that the R&R erred in two respects: First, as Magistrate Judge Kuo examined whether Plaintiff was an "adequate representative" under Rule 23, Plaintiff argues the "R&R addresse[d] the wrong question" and "should be rejected as contrary to law." It is true that a motion to amend a pleading is subject to the lenient standard of Federal Rule of Civil Procedure 15. But when a motion for leave

to amend arises in the context of a class action, leave "should be denied as futile if the allegations in the proposed amended complaint . . . demonstrate that the proposed class *cannot* be certified under Rule 23." *Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, 277 F. Supp. 3d 337, 347 (E.D.N.Y. 2017) (internal citation omitted). In this case, Plaintiff's Motion seeks to reinstate class allegations that were already stricken by this Court on the grounds that Plaintiff failed to satisfy the "adequacy of representation" requirement. Dkt 52. Whether Plaintiff's amendments are futile, therefore, necessarily requires this Court to consider if those amendments will enhance the likelihood of class certification under Rule 23. *Pierre v. JC Penney Co.*, 2006 WL 407553, at *6 (E.D.N.Y. Feb. 21, 2006) ("[T]he court's role on a motion to amend is to determine the *likelihood* that [the] proposed class *will* be certified.").[1]

Second, Plaintiff argues that it was error for Magistrate Judge Kuo to find Plaintiff inadequate under Rule 23 because the R&R only found the "mere appearance of impropriety" and the "potential" for conflicts of interest, rather than an actual, fully-ripe conflict. The Court overrules this objection as well.

To satisfy Rule 23's adequate representation requirement, a plaintiff must

---

[1]Despite now attempting cast the R&R's consideration of Rule 23 as "beyond the scope" of the referral, Plaintiff's own briefing in support of her motion extensively addressed that very issue. *See* Dkt. 60 at 11–14; Dkt. 60-1 at 2–9.

3

"have no interests antagonistic to the interest of the other class members." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006). A proposed representative may be an inadequate if, for example, they have a close relationship with class counsel or would otherwise permit a settlement on terms less favorable to absent class members. *Aliano v. CVS Pharmacy, Inc.*, No. 16-CV-2624, 2018 WL 3625336, at *5 (E.D.N.Y. May 21, 2018) ("[C]ourts consider factors such as the closeness of the relationship and the degree to which it has been disclosed."); *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 96 (S.D.N.Y. 2010) ("Numerous courts . . . have found that a named plaintiff is an inadequate representative where there is a close personal relationship between a plaintiff and class counsel.").

While Plaintiff argues the "mere appearance of impropriety" is not disqualifying under Rule 23, the Court cannot agree. "An actual conflict is not a prerequisite to a finding of inadequacy; even a potential conflict of interest is sufficient to render a named plaintiff an inadequate class representative." *Aliano*, 2018 WL 3625336, at *6 (internal quotations omitted). The Court's role is not to discern whether the representative-counsel relationship creates an actual conflict, but rather to assess the likelihood that a conflict of interest may exist. *Id.*

According to Plaintiff, even the "appearance" of a conflict of interest was dispelled when Mr. Wexler—the former lead counsel in this case and Plaintiff's

4

spouse—renounced his claim for fees, including for *quantum meruit*. Here again, the Court does not agree. Evidence brought out in the parties briefing and an evidentiary hearing on the Motion confirm that potential conflicts of interest remain even in the absence of a direct fee claim from Mr. Wexler.

For example, Mr. Wexler's testimony revealed a history of business dealings between him and current class attorneys James Giardina and Keith Keogh. Mr. Wexler admitted that he and Mr. Giardina previously worked together as counsel on more than one matter and that, in at least two additional cases, Mr. Keogh had taken-over as lead counsel for Mr. Wexler. Dkt. 71, Tr. 61–63. Given their "positive working relationship", Mr. Wexler admitted that he trusted Giardina and Keogh to "be fair to me" with respect to any fee claim, and that a positive result for Giardina and Keogh in this case could lead to reputational and financial (future case referrals) benefits for Mr. Wexler himself. *Id.* at 73, 76, 85. Plaintiff also testified at the evidentiary hearing, stating that the decision to have Mr. Wexler withdraw as counsel "came from either Mr. Wexler or Mr. Giardina," as did the idea to have Mr. Wexler waive his claim for fees. *Id.* at 41–42 and 54.

Thus, even accepting as true that Mr. Wexler was not promised specific remuneration by Giardina and Keogh in *this* case, the significant potential for a conflict of interest remains: Mr. Wexler acknowledged that he previously brought

5

Giardina and/or Keogh into cases with hope of financial gain, that he had attempted to do so here, and that he may do so again in the future. The clear possibility that Plaintiff's husband may derive financial gain from class counsel creates the appearance that Plaintiff would have an incentive to maximize fees for her attorneys. *See, e.g.*, *Hale v. Citibank, N.A.,* 198 F.R.D. 606 (S.D.N.Y. 2001) (finding proposed plaintiff inadequate under Rule 23 where plaintiff's husband, an attorney, had referred multiple cases to class counsel). Moreover, Plaintiff's own testimony confirmed that she had little or no involvement in the decisions about who would act as class counsel or be entitled to recover fees. A plaintiff cannot adequately represent a class if they "have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 61 (2d Cir. 2000) (internal quotations omitted).

Having reviewed the R&R *de novo*, the Court adopts the R&R in full.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 30, 2019

6